CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

CHRISTINE CHEN (CABN 327581)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7291
    FAX: (415) 436-7234
    Christine.Chen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:24-CR-00517-EKL |
|     Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Hearing Date: February 10, 2026 |
| JUDITH JESSOP, | Hearing Time: 10:30 a.m. |
| | Courtroom: 7, 4th Floor |
|     Defendant. | Hon. Eumi K. Lee |

## I. INTRODUCTION

The defendant, Judith Jessop, is responsible for stealing more than $350,000 from the Social Security Administration ("SSA") over a period of about 20 years. Based on Ms. Jessop's history and characteristics and the need for the sentence to afford adequate deterrence to criminal conduct, the government submits that one year of probation with six months of curfew-style home confinement is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II. RELEVANT BACKGROUND

### A. The Instant Offense

Ms. Jessop's mother had collected monthly SSA retirement benefits until her death in March 2002. PSR ¶ 6. Such benefits are intended to cease upon the death of the recipient and are not

transferable to the recipient's survivors. *Id.* However, SSA was not aware of the mother's passing and continued to deposit retirement payments into her bank account, which she shared with Ms. Jessop. *Id.* ¶ 6. At the time, Ms. Jessop was approximately 58 years old and gainfully employed. *See id.* ¶¶ 6, 32, 43.

SSA did not stop these payments until it finally learned that her mother was deceased until twenty years later in March 2023. *Id.* ¶ 7. At that point, it had deposited $365,287 into the account between April 3, 2002, and March 3, 2023. *Id.* ¶¶ 6, 9.

On February 6, 2024, agents interviewed Ms. Jessop. *Id.* ¶ 8. She admitted to having spent the money that SSA had deposited in the account she had shared with only her mother and to knowing that she was not entitled to this money. *Id.* The money was used to pay for credit card expenses, utilities, and fees for the community in which her home is located. *Id.* ¶ 9.

**B.  Procedural History**

A grand jury indicted Ms. Jessop on one count of Theft of Government Property in violation of 18 U.S.C. § 641 (Count One) and one count of Social Security Fraud in violation of 42 U.S.C. § 408(a)(4) (Count Two) on September 19, 2024. *Id.* ¶ 1. She made her initial appearance on October 24, 2024. *Id.* ¶ 4. On August 26, 2025, the defendant pleaded guilty to Count One of the indictment pursuant to a plea agreement. *Id.* ¶¶ 2, 3.

**III.  SENTENCING GUIDELINES CALCULATION**

The parties' plea agreement contemplates the below Guidelines calculation, with which Probation agrees, *id.* ¶¶ 3, 14–23:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2B1.1(a)(2) | 6 |
| Specific Offense Characteristics<br>- Loss between $250,000 and $550,000, U.S.S.G. § 2B1.1(b)(1)(G) | + 12 |
| Adjustments<br>- Zero-point offender, U.S.S.G. § 4C1.1 | - 2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 | - 3 |
| Total Offense Level | 13 |

1       The government further agrees with Probation that Ms. Jessop is in Criminal History Category I. *Id.* ¶ 27. Thus, the Guidelines range is 12–18 months. *Id.* ¶ 47.

    Because this range falls within Zone C of the Guidelines' Sentencing Table, *id.*, the Guidelines do not contemplate a term of probation as an alternative to imprisonment. *See* U.S.S.G. § 5B1.1, App. Note 2 (noting that where the Guidelines range is in Zone C, "the guidelines do not authorize a sentence of probation."); U.S.S.G. § 5C1.1(d) (providing that for a Guideline range in Zone C, the minimum term can be satisfied by a sentence of imprisonment, or imprisonment with a term of supervised release that substitutes community confinement or home detention, as long as at least half of the minimum term is satisfied by imprisonment). A sentence of probation, as recommended and discussed below, represents a downward variance from the applicable Guidelines range.

## IV. SENTENCING RECOMMENDATION

### A. Legal Standard

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)   the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)   the need for the sentence to protect the public from future crimes of the defendant;

(5)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6)    the need to provide restitution to any victims of the offense.

### B. Recommended Sentence and Section 3553(a) Factors

Probation has recommended that Ms. Jessop be sentenced to one year of probation, which includes 180 days of location monitoring to ensure compliance with a curfew. Upon consideration of the Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends the same.

Such a sentence would appropriately balance the need to advance the goals of sentencing while also accounting for Ms. Jessop's mitigating factors. Ms. Jessop stole a large sum of money from SSA and did not stop this theft on her own at any point over the twenty years when SSA deposited funds into the account she had shared with her mother. *Id.* ¶¶ 6, 8–9. This money is now gone. *Id.* ¶ 8. However, she readily admitted to the crime once confronted and agreed to pay full restitution. Her advanced age, lack of criminal history, and the fact that she did not use the money for extravagant expenses also counsel towards a more lenient sentence.

A period of home confinement is necessary to reflect the seriousness of, and provides just punishment for, a multi-year fraud and theft of more than $350,000, as well as to promote respect for the law and deterrence. The Guidelines suggest a minimum of 12 months' custody for Ms. Jessop's conduct; a sentence of probation in lieu of custody—even with a period of home confinement—already constitutes a substantial downward variance. To the extent that the defense argues restitution alone suffices, the $365,287 that Ms. Jessop owes to the Social Security Administration—and restitution generally—is not punishment. In the government's view, a sentence of one year of probation without any period of home confinement would send a problematic message about the seriousness of—and be far too lenient a consequence for—committing a $350,000 fraud over 20 years.

### C. Recommended Terms of Probation

Probation has recommended three special conditions that Ms. Jessop not open any new lines of credit and/or incur new debt without Probation's permission, provide Probation with access to her financial information, and participate in location monitoring for 180 days to verify curfew compliance. The government agrees that these proposed special conditions should be included as terms of Ms. Jessop's probation for the reasons stated in the PSR.

## V. CONCLUSION

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully requests that the Court impose a sentence of one year of probation with Probation's recommended special conditions, which includes location monitoring for 180 days to verify compliance with curfew. This sentence represents a downward variance from the applicable Guidelines range. The government also respectfully requests that the Court order restitution in the amount of $365,287 to be paid to SSA.

DATED: February 3, 2026                             Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____/s/_____
CHRISTINE CHEN
Assistant United States Attorney